U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2013 OCT 25 PM 2:57

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF VERMONT

MATTHEW SCHLEIN and )
JACQUELINE SCHLEIN, )
            *Plaintiffs* )
)
v. )  Civil Action No. 2:13-cv-288
)
WHIRLPOOL CORPORATION, )
            *Defendant* )

## COMPLAINT

1. Plaintiffs Matthew Schlein and Jacqueline Schlein are individuals residing in New Haven, Vermont.

2. Defendant Whirlpool Corporation ("Whirlpool") is a Delaware corporation with a principal place of business in Benton Harbor, Michigan.

3. At all times pertinent, Defendant Whirlpool has manufactured, labeled, marketed, distributed, promoted, and/or sold electric clothes dryers, either directly or through third parties, in interstate commerce, including Vermont.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and because there is complete diversity of citizenship between the Plaintiffs and Defendant.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The Whirlpool clothes dryer at issue in this case was purchased in and shipped into Vermont, and this product caused a fire in a residence in Vermont which is the subject of this action. The Plaintiffs are

also Vermont residents.

## FACTUAL ALLEGATIONS

6. Whirlpool manufactures electric clothes dryers, which incorporate and utilize heating elements to create heated air to dry clothing.

7. Whirlpool markets and distributes certain of its electric clothes dryers under the Kenmore brand, which are sold through Sears dealers.

8. On or about July 29, 2010, Plaintiffs purchased a Kenmore electric clothes dryer manufactured by Whirlpool from a Sears dealer in Middlebury, Vermont (the "Whirlpool dryer") which was installed by the dealer in their residence at 564 Wild Apple Road, New Haven, Vermont (the "564 Wild Apple Road Property").

9. On January 1, 2013, Plaintiffs' residence and contents therein were destroyed by a fire.

10. The fire originated in the Whirlpool dryer.

11. The fire was caused by the overheating, failure, and arcing of heating elements inside the Whirlpool dryer, which occurred during normal use and operation.

12. As a direct and proximate result of the fire, Plaintiffs sustained losses and damage to their home and personal property and suffered other financial losses.

## CLAIMS FOR RELIEF

## COUNT I – STRICT PRODUCT LIABILITY

13. Plaintiffs re-allege the allegations of paragraphs 1-12 above.

14. Defendant Whirlpool manufactured, labeled, marketed, distributed, promoted, and/or sold the Whirlpool dryer that caught fire at the 564 Wild Apple Road Property.

15. The Whirlpool dryer that caught fire at the 564 Wild Apple Road Property was in a defective condition and was unreasonably dangerous for its ordinary use.

16. The Whirlpool dryer was supplied to Matthew Schlein and Jacqueline Schlein in the same dangerously defective condition in which it left the possession and/or control of Whirlpool.

17. Whirlpool is strictly liable for Plaintiffs' damages in the following ways:

   a. Designing, manufacturing and/or assembling a defective Whirlpool dryer that Whirlpool knew, or reasonably should have known, subjected the 564 Wild Apple Road Property to unreasonable risk of harm;

   b. Selling, distributing, and/or supplying a defective part with regard to the Whirlpool dryer that Whirlpool knew or reasonably should have known subjected the 564 Wild Apple Road Property to unreasonable risk of harm;

   c. Designing, manufacturing, assembling, selling, distributing, and/or supplying an electric clothes dryer that caused the fire and damage to the 564 Wild Apple Road Property;

   d. Designing, manufacturing, assembling, selling, distributing, and/or supplying an electric clothes dryer that did not have adequate and operable safety devices that would have prevented the fire and damage to the 564 Wild Apple Road Property;

   e. Failing to design, manufacture, assemble, sell, distribute, and/or supply an electric clothes dryer that was safe for all reasonably foreseeable uses;

   f. Failing to provide adequate warnings and instructions regarding the unreasonable risks that the heating elements in the Whirlpool dryer could overheat, fail, arc, and start a fire; and

   g. Such other acts and/or omissions that will be learned through discovery.

18. The defective condition and/or malfunction in the Whirlpool dryer which rendered it unreasonably dangerous was a direct and proximate cause of the January 1, 2013 fire at the 564 Wild Apple Road Property and resulting losses and damage suffered by Plaintiffs.

## COUNT II –
## STRICT PRODUCT LIABILITY/FAILURE TO WARN

19.   Plaintiffs re-allege the allegations of paragraphs 1-18 above.

20.   Defendant Whirlpool knew or had reason to know that the heating elements in other Whirlpool dryers had overheated, arced, and started fires prior to January 1, 2013.

21.   Defendant Whirlpool sold and distributed the Whirlpool dryer that started the January 1, 2013 fire at the 564 Wild Apple Road Property with no warnings about the risk posed by heating elements overheating, arcing, and starting fires.

22.   Defendant Whirlpool's failure to provide appropriate and adequate warnings and instructions, both at the time of and following the sale and distribution of the Whirlpool dryer that started the January 1, 2013 fire at the 564 Wild Apple Road Property made the Whirlpool dryer defective and unreasonably dangerous.

23.   Defendant Whirlpool's failure to provide appropriate and adequate warnings and instructions, both at the time of and following the sale and distribution of the product, was a direct and proximate cause of the January 1, 2013 fire at the 564 Wild Apple Road Property and resulting losses and damage suffered by Plaintiffs.

## COUNT III – BREACH OF WARRANTY

24.   Plaintiffs re-allege the allegations of paragraphs 1-23 above.

25.   By designing, manufacturing, assembling, selling, and/or otherwise distributing and marketing the Whirlpool dryer and/or otherwise being responsible for the product, Whirlpool knew and intended that the Whirlpool dryer would be used by the public.

26.   Matthew Schlein and Jacqueline Schlein and their family members were the intended users of the Whirlpool dryer and had the right to and, in fact, did rely on the expertise

and knowledge of Whirlpool in designing, manufacturing, assembling, selling, marketing, and/or distributing the Whirlpool dryer.

27. Whirlpool warranted, expressly and impliedly, that the Whirlpool dryer was reasonably fit for the intended use and was of merchantable quality when, in fact, it was not.

28. Whirlpool breached the above-mentioned warranties of merchantability and fitness for a particular purpose and, as a direct and proximate result of this breach, the fire occurred on January 1, 2013 at the 564 Wild Apple Road Property.

29. Defendant Whirlpool's breach of warranties was a direct and proximate cause of the January 1, 2013 fire at the 564 Wild Apple Road Property and resulting losses and damage suffered by Plaintiffs.

WHEREFORE, Plaintiffs Matthew Schlein and Jacqueline Schlein demand:

1. Judgment in their favor and against Defendant Whirlpool Corporation, together with interest and costs of this action; and

2. Such further relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Littleton, New Hampshire          October 23, 2013

MATTHEW SCHLEIN AND
JACQUELINE SCHLEIN

By: _____
Gregory S. Clayton, Esq.
Primmer Piper Eggleston & Cramer PC
106 Main Street, P.O. Box 349
Littleton, NH 03561-0349
(603) 444-4008
gclayton@primmer.com